UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BURDLEY JEAN, et al. )<br>) | CRIMINAL NO. 05-10110-MLW |

### GOVERNMENT'S RESPONSE TO MOTIONS IN LIMINE AND OTHER PRETRIAL MOTIONS BY DEFENDANT DUMORNAY

The government hereby responds to the several pretrial motions filed by defendant Dumornay. With the exception one of those motions, the government has no objection to the relief requested by Dumornay. The only motion with which the government takes issue is Defendant's Motion to Require the Government to Present a Proffer of Proof on Co-Conspirator Declarations. With regard to that motion, the government believes that such a proffer of proof is inconsistent with the procedure established by the First Circuit in Petrozziello and its progeny. See United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977); United States v. Bradshaw, 281 F.3d 278, 283 (1st Cir. 2002); United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980). However, in the interest of efficiency, the government nonetheless intends to file a supplemental trial brief outlining the conspiracy evidence that will be presented at trial and disclose co-conspirator statements in advance of trial, to the extent known to the government in advance of trial.

Below, the government addresses each of Dumornay's motions in turn.

1. <u>Defendant's Motion to Require the Government to Present a Proffer of Proof on Co-Conspirator Declarations (Docket Entry 154)</u>

Under Fed. R. Evid. 801(d)(2)(E), an out-of-court statement avoids hearsay objections if the Court finds that the statement was made by a co-conspirator and was made in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). In the First Circuit, the standard of proof regarding the

admission of this type of evidence is well established: "If it is more likely than not that the declarant and the defendant were members of the conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977). The proponent of the statement's admissibility bears this burden. United States v. Bradshaw, 281 F.3d 278, 283 (1st Cir. 2002).

The First Circuit has constructed a model for the handling of evidence proffered under Rule 801(d)(2)(E). Id. This Court has the authority to admit co-conspirator statements conditionally. Id. Once the statement is conditionally admitted, the parties, outside the hearing of the jury, will be apprised of the requisite burdens, timetable for determination, and the impact of a possible adverse finding. United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980). The Court makes its final admissibility determination – commonly known as a Petrozziello ruling, United States v. Perez-Ruiz, 353 F.3d 1, 12 (1st Cir. 2003) – at the close of evidence. Ciampaglia, 628 at 638. "If the court ultimately concludes that the provisionally admitted evidence does not satisfy the applicable standard, it must give a cautionary instruction to the jury, or, upon an appropriate motion, declare a mistrial if the instruction will not suffice to cure any prejudice." Bradshaw, 281 F.3d at 283.

Dumornay has identified nothing in this case to cause this Court to deviate from typical practice in this Circuit. There is therefore no basis for an order requiring a pretrial proffer by the government. Nonetheless, in the interest of efficiency, the government, with leave of the Court, intends to file a supplemental trial brief summarizing the conspiracy evidence it intends to present. In addition, the government intends to disclose to the defendants all statements it intends to offer under Rule 801(d)(2)(E). Certain of these disclosures have already been made in the course of disclosing Jencks material early. Certain other disclosures will be made shortly, in accordance with the Court's Scheduling Order concerning Jencks materials. Finally, certain disclosures will be made

after they come the government's attention in the course of meeting with witnesses in preparation for trial. In this regard, the government reserves its right to offer co-conspirator statements that come to the government's attention as it prepares for trial, including statements of which the government learns once trial is under way.

2. <u>Motion to Photograph Chalks (Docket Entry 148)</u>

The government will make all chalks it intends to use at trial available for inspection and copying by defendants before presenting them at trial. The government has no objection to having such chalks marked for identification to preserve the record for appeal.

3. <u>Motion of Defendant In Limine Re Experts (Docket Entry 149)</u>

Dumornay has requested that the Court instruct expert witnesses not to answer questions on direct examination based on informant information the expert could not disclose on cross-examination. The government has no present intention of calling any expert witnesses at trial. In the event the government decides to call expert witnesses, the expert's testimony will not be based in any part on the testimony of a non-testifying informant.

4. <u>Motion to Sequester (Docket Entry 150)</u>

The government is familiar with this Court's standard sequestration Order and has no objection to its issuance in this case.

5. <u>Motion for Order [Regarding Cross-Examination and Objections] (Docket Entry 151)</u>

Dumornay has requested that the Court issue an Order to the effect that cross-examination of a witness by one defense counsel may be adopted by all defense counsel and that objections by one defendant will be considered taken on behalf of all unless a particular defendant states that he desires admission of the objected-to evidence. The government has no objection to such an Order.

6. <u>Motion Of Defendant to Preclude the Government's Attorney From Presenting Jencks Act Material to the Defendant's Counsel in Front of the Jury (Docket Entry 153)</u>

The government will disclose all Jencks Act material in its possession, custody, or control in accordance with the Court's Scheduling Order. In the event that the government becomes aware of additional Jencks Act material, it will promptly disclose such material to the defendants outside of the jury's presence.

7. <u>Defendant's Motion in Limine – "Soft Experts" (Docket Entry 155)</u>

Dumornay has requested a <u>Daubert</u> hearing regarding any use by the government of experts on the issue of the *modus operandi* of people involved in bank fraud. The government has no present intention of calling any expert witnesses at trial. In the event the government decides to call an expert on the subject of *modus operandi*, the government will not oppose a request for a <u>Daubert</u> hearing.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ John A. Capin
        _____
        JOHN A. CAPIN
        Assistant U.S. Attorney
        (617) 748-3264

<u>CERTIFICATE OF SERVICE</u>

I, John A. Capin, Assistant U.S. Attorney, do hereby certify that I have, on December 14, 2007, caused a true and accurate copy of the foregoing to be served upon all counsel of record by filing the document with the Court electronically.

/s/ John A. Capin
_____
JOHN A. CAPIN
Assistant U.S. Attorney