UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

———————————————————————
                                               )
**UNITED STATES OF AMERICA**    )
                                               )        **CRIMINAL NO. 05-10110-MLW**
              **v.**                               )
                                               )
**BURDLEY JEAN,** *et al.*                )
———————————————————————)

### FIRST CONSOLIDATED REQUEST BY UNITED STATES
### FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the

Court give the following jury instructions, in addition to the Court's customary instructions

common to all criminal cases.  The United States reserves the right to supplement, modify, or

withdraw these requested instructions in light of the requests filed by the defendants and the

evidence in the case.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

              By:     */s/ James P. Dowden*
                              ———————————
                              JAMES P. DOWDEN
                              SCOTT L. GARLAND
                              Assistant U.S. Attorneys

Dated:  May 9, 2008

<u>CERTIFICATE OF SERVICE</u>

I, James P. Dowden, Assistant U.S. Attorney, do hereby certify that I have, on May 9, 2008, caused a true and accurate copy of the foregoing to be served upon all counsel of record by filing the document with the Court electronically and by serving a copy of the foregoing on Defendant Edouard at the address below by U.S. First Class Mail.

> Ducarmel Edouard
> Inmate #48371
> C3-422
> PCCF
> 26 Long Pond Road
> Plymouth, MA 02360

*/s/ James P. Dowden*
_____
JAMES P. DOWDEN
Assistant U.S. Attorney

## CONTENTS

Proposed instruction                                                                                            page

1.    The Conspiracy Charge                                                                                      5

2.    Conspiracy—Generally                                                                                      6

3.    Conspiracy—As Charged In Indictment                                                                       8

4.    Conspiracy—Agreement and Participation May Be Inferred                                                    9

5.    Conspirator Need Not Join At Inception                                                                    10

6.    "Overt Act" Necessary                                                                                     11

7.    Bank Fraud—Statutory Text                                                                                 12

8.    Bank Fraud—Elements of the Offense                                                                        13

9.    Scheme to Defraud                                                                                         14

10.   False Pretenses                                                                                           16

11.   Success of Scheme Not An Element                                                                         17

12.   Materiality                                                                                               18

13.   "Knowingly"                                                                                               19

14.   Proof of Knowledge or Intent                                                                             20

15.   Federally Insured Status—Defendant's Knowledge Not Required                                              21

16.   Aiding and Abetting                                                                                       22

17.   Pinkerton Liability for Substantive Offenses Committed by Others                                         24

18.   Statements by Defendants                                                                                  26

19.   Proof of Exact Dates Not Required                                                                         27

20.   Punishment                                                                                                28

21.   Disagreement with Law                                                                                     29

22.   Statement of One Defendant in a Multi-Defendant Trial                                                    30

## CONTENTS (cont'd)

Proposed instruction                                                                     page

23.     <u>Give Each Defendant Separate Consideration</u>                              31

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

The Conspiracy Charge

Count 1 of the Indictment charges the defendants with conspiracy. Specifically, it charges that from a date no later than April 2003 and continuing until November 2004, in Massachusetts and elsewhere, the defendants did knowingly and willingly combine, conspire, confederate and agree with other co-conspirators to commit an offense against the United States, namely, to execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of federally insured financial institutions, namely Fleet Bank/Bank of America, Sovereign Bank, Citizens Bank, and other financial institutions by means of false and fraudulent pretenses, representations and promises in violation of Title 18, United States Code, Section 1344.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

Conspiracy—Generally

For you to find the defendants guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit bank fraud; and

Second, that the defendants willfully joined in that agreement; and

Third, that at least one of the conspirators committed at least one overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime be committed. Intent may be inferred from the surrounding circumstances.

Proof that the defendants willfully joined in the agreement must be based upon evidence of their own words and/or actions. You need not find that the defendants agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that they

6

participated in each act of the agreement or played a major role, but the government must prove

beyond a reasonable doubt that the defendants knew the essential features and general aims of the

venture. Even if the defendants were not part of the agreement at the very start, they can be found

guilty of conspiracy if the government proves that they willfully joined the agreement later. On

the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a

way that furthers some object or purpose of the conspiracy, does not thereby become a

conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an

effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The

government is not required to prove that the defendants personally committed or knew about the

overt act. It is sufficient if one conspirator committed one overt act at some time during the

period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved.

The crime of conspiracy is complete upon the agreement to commit the underlying crime and the

commission of one overt act.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit,
Criminal Cases, §4.03 (Conspiracy) (1998).[1]

---

[1]    In each proposed instruction, references to authorities indicate a source or sources
for the instruction.  Proposed instructions have been adapted, however, for the circumstances of
this case.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

Conspiracy—As Charged In Indictment

The evidence in the case need not establish that all the means or methods set forth in the indictment were agreed upon to carry out the alleged conspiracy; nor that all means or methods, which were agreed upon, were actually used or put into operation; nor that all of the persons charged to have been members of the alleged conspiracy were such.  What the evidence in the case must establish beyond a reasonable doubt is that the alleged conspiracy was knowingly formed, and that one or more of the means or methods described in the Indictment were agreed upon to be used, in an effort to effect or accomplish some object or purpose of the conspiracy, as charged in the Indictment; and that two or more persons, including the defendants, were knowingly members of the conspiracy, as charged in the Indictment.

Adapted from 2 Devitt & Blackmar, Federal Jury Practice and Instructions, §28.04 (The Nature of the Offense Charged) (4th ed. 1992).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

Conspiracy—Agreement and Participation May Be Inferred

The existence of the agreement may be inferred from "a development and collection of circumstances." Stated another way, a "conspiratorial agreement need not be express so long as its existence can plausibly be inferred from the defendants' words and actions and the interdependence of activities and persons involved."

Since a conspiracy by its very nature is often secret, neither the existence of the common agreement or scheme, nor the fact of the defendants' participation in it, must be proved by direct evidence; both may be inferred from circumstantial evidence as well.

United States v. Concemi, 957 F.2d 942, 950 (1st Cir. 1992) (quoting United States v. Smith, 680 F.2d 255, 259 (1st Cir. 1982)); United States v. Boylan, 898 F.2d 230, 241-42 (1st Cir. 1990). See also Blumenthal v. United States, 332 U.S. 539, 557 (1947); Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Boylan, 898 F.2d 230, 243 (1st Cir. 1990) cert. denied, 111 S.Ct. 139 (1990); United States v. Hathaway, 534 F.2d 386, 400-01 (1st Cir.1976), cert. denied, 429 U.S. 819 (1976). See also Delli Paoli v. United States, 352 U.S. 232, 236 n.4 (1957) and cases cited.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

Conspirator Need Not Join At Inception

A conspirator need not become a member of the illegal agreement at its inception.  Once he joins, however, he effectively adopts the previous acts and declarations of his fellow conspirators whether he knows about them or not, because one who willfully joins an existing conspiracy is charged with the same responsibility for its acts as if he had been one of the originators or instigators of the conspiracy.


United States v. United States Gypsum Company, 333 U.S. 364, 393 (1948); United States v. Baines, 812 F.2d 41, 42 (1st Cir. 1987); United States v. Cassity, 631 F.2d 461 (6th Cir. 1980); United States v. Sarno, 456 F.2d 875, 878 (1st Cir. 1972).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

"Overt Act" Necessary

You will note that a number of so-called "overt acts" are contained in the conspiracy count. An overt act is any act knowingly committed by one of the conspirators in an effort to accomplish some object of the conspiracy. The overt act need not be criminal in itself and may seemingly be an innocent act. It must, however, be an act which follows and tends toward the accomplishment of the plan or scheme.

To establish the crime of conspiracy, the government must prove beyond a reasonable doubt that at least one overt act was committed by one or more members of the conspiracy in furtherance of the objects of the conspiracy. It is not necessary that the proof show the commission of all of the overt acts alleged, or more than one of them. Nor is it necessary in order to convict the defendants of conspiracy to prove that they personally committed an overt act. It is sufficient if you find that one of the alleged co-conspirators committed one overt act within the period of the conspiracy, since the act of anyone done in furtherance of the conspiracy becomes the act of all the other members.

The government is not limited in its proof to the specific overt acts alleged in the Indictment. It is sufficient that the government prove beyond a reasonable doubt that some act in furtherance of the conspiracy was committed by one of the alleged conspirators, whether the act is specified in the Indictment or not.

United States v. Dunn, 758 F.2d 30, 37 (1st Cir. 1985); United States v. Flaherty, 668 F.2d 566, 580 n.4 (1st Cir. 1981); United States v. Kenny, 462 F.2d 1025 (3rd Cir. 1972); United States v. Armone, 363 F.2d 385, 400-01 (2nd Cir. 1966); Napolitano v. United States, 340 F.2d 313, 314 (1st Cir. 1965) ("The failure to specify any particular piece of conduct as an overt act does prevent proof thereof.").

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

Bank Fraud—Statutory Text

The defendants are charged with violating the federal bank fraud statute.  That statute

provides:

> Whoever knowingly executes, or attempts to execute, a scheme or
> artifice
>
>> (1) to defraud a financial institution; or
>>
>> (2) to obtain any of the moneys, funds, credits, assets, securities or
>> other property owned by, or under the custody or control of, a
>> financial institution, by means of false or fraudulent pretenses,
>> representations, or promises
>
> [shall be guilty of a felony].

18 U.S.C. §1344.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

Bank Fraud—Elements of the Offense

For you to find the defendants guilty of this crime you must be convinced that the

government has proven each of the following elements beyond a reasonable doubt:

First, either:

> that the defendants executed or attempted to execute a scheme to defraud,
> substantially as charged in the indictment;

> or

> that the defendants made false statements or misrepresentations to obtain money
> from a financial institution in question; and

Second, that the scheme involved material falsehoods; and

Third, that the defendants acted knowingly; and

Fourth, that the financial institution in question was federally insured.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 (Bank Fraud); see
United States v. Kenrick, 221 F.3d 19, 30 (1st Cir. 2000); United States v. Brandon, 17 F.3d 409,
424 (1st Cir. 1994).  See also Neder v. United States, 527 U.S. 1, 25 (1999) ("[M]ateriality of
falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes.").

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

Scheme to Defraud

As used here, a "scheme or artifice to defraud a financial institution" and an "intent to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive or cheat that financial institution and to obtain something of value, such as money, from the financial institution.

The term "defraud" means to deprive another of something of value by means of deception or cheating.  A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The intent element of bank fraud  is an intent to deceive the bank in order to obtain from it money or other property.  Intent to harm is not required.  To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat another, usually for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. Thus, if the defendants acted in good faith, they cannot be guilty of the crime.  However, a defendant does not act in good faith even if he honestly holds a particular opinion or belief, and yet knowingly makes false and fraudulent statements or misrepresentations.

It is not necessary that the government prove each and every one of the details in the indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone.  The government must show, however, that the defendants knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

The burden to prove intent, as with all other elements of the crime, rests with the government.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 (Bank Fraud); United States v. Kenrick, 221 F.3d 19, 29 (1st Cir. 2000); United States v. Gilberg, 75 F.3d 15, 18 (1st Cir. 1996) (affirming jury instruction that "a defendant does not act in good faith even if he honestly holds a particular opinion or belief and yet, knowingly makes false and fraudulent statements or misrepresentations."): United States v. Swanson, 360 F.3d 1155, 1164-65 (8th Cir. 2004).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

False Pretenses

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 (Bank Fraud).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

Success of Scheme Not An Element

The government need not prove that the scheme was successful.  Nor is the government required to prove that any financial institution suffered a financial loss.  Nor is the government required to prove that the defendant actually secured any financial gain.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 (Bank Fraud).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

Materiality

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed.

The government is not required to prove that any person or institution actually relied upon a particular false representation or statement.  Nor is the government required to prove that any such reliance would have been justifiable.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases §4.14 (Bank Fraud).  See United States v. Kenrick, 221 F.3d 19, 29 (1st Cir. 2000) ("The Supreme Court has said that the common-law elements of justifiable reliance and damages 'plainly have no place in the federal fraud statutes.'") (quoting Neder v. United States, 527 U.S. 1, 20 (1999)); see also United States v. Matousek, 894 F.2d 1012, 1014 (8th Cir.1990) ( "reasonable reliance" by the intended victim is not an element of the offense of bank fraud); United States v. Gilberg, 75 F.3d 15, 18 (1st Cir. 1996) (citing United States v. Norberg, 612 F.2d 1, 4 (1st Cir. 1979)).

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 13</u>

<u>"Knowingly"</u>

As I have told you, one of the elements that the government must prove is that the defendants acted knowingly.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

A defendant acts "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

It is not part of the United States' burden to prove that the defendants were specifically familiar with any particular provision of law.  As it is sometimes said, "ignorance of the law is not an excuse."

Nor is it part of the government's burden to prove that the defendants had a corrupt or wicked motive.  That is, the government is not required to prove that the defendants were in the ordinary sense of the word  man who were wickedly criminal.  Men may for perfectly good motives intentionally violate a statute.  But if the statute says that one who violates it knowingly is guilty, his motives are not relevant.


<u>Adapted</u> <u>from</u> <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §2.13 (Definition of "Knowingly") and §4.14 (Bank Fraud); <u>see</u> <u>also</u> <u>Bryan v. United States</u>, 524 U.S. 184, 196 (1998) ("the willfulness requirement . . . does not carve out an exception to the traditional rule that ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required."); <u>United States v. Couming</u>, 445 F.2d 555, 556-557 (1st Cir. 1971) (no requirement for government to prove wicked intent).

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 14</u>

<u>Proof of Knowledge or Intent</u>

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendants knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendants and all other facts and circumstances received in evidence that may aid in your determination of the defendants' knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

<u>Adapted</u> <u>from</u> <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §4.14 (Bank Fraud)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

Federally Insured Status—Defendants' Knowledge Not Required

While the government must prove beyond a reasonable doubt that the defendants acted with intent to defraud, the government need not prove that the defendants knew the victims of their scheme was a federally insured financial institution.  Nor is the government required to prove that the defendants knew whether any bank was federally insured.

Indeed, the government is not required to prove that the defendants knew <u>which</u> bank or financial institution he was defrauding.  The fact that a counterfeit check may have been presented at a bank other than the bank intended by a defendant does not diminish a defendant's responsibility if the government proves he acted with intent to defraud.

<u>Adapted</u> <u>from</u> <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> §4.14 (Bank Fraud); <u>United States v. Brandon</u>, 17 F.3d 409, 425 (1st Cir. 1994) (rejecting defendant's contention "that the government must prove that they knew that the victim of their fraud was a federally insured financial institution"); <u>Brandon</u>, 17 F.3d at 426  (holding that "it is . . . unnecessary for the government to prove that a defendant knows which particular bank will be victimized by his fraud as long as it is established that a defendant knows that a financial institution will be defrauded.").

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

Aiding and Abetting

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

To "aid and abet" means intentionally to help someone else commit a offense.

Before a defendant may be held responsible for aiding and abetting another in the commission of an offense, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the offense charged and participated in it with the intent to commit that offense.

In order for you to find the defendants guilty of aiding and abetting the commission of either of the offenses charged in the indictment, the government must prove beyond a reasonable doubt that the defendants:

(1)     knew that the offense charged was to be committed or was being committed,

(2)     knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that offense, and

(3)     acted with the intention of causing the offense charged to be committed.

Before a defendant may be found guilty as an aider or an abettor to the offense, the government must also prove, beyond a reasonable doubt, that someone committed each of the essential elements of the offense charged as detailed for you in my previous instructions.

Merely being present at the scene of the offense or merely knowing that an offense is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that offense.  The government must prove that the defendants knowingly and deliberately associated themselves with the offense in some way as a participant—someone who wanted the offense to be committed—not as a mere spectator.


Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases §4.02 (Aid and Abet); United States v. Tarr, 589 F.2d 55, 59-60 (1st Cir. 1978).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

Pinkerton Liability for Substantive Offenses Committed by Others

(1)    After the conspiracy charge in Count One, each of the remaining Counts of the indictment each charge the defendants or one or more of their co-conspirators with a particular instance of bank fraud.

(2)    There are three ways that the government can prove each defendant guilty of this crime. The first is by convincing you that the defendant personally committed or participated in the particular offenses charged. The second is by proving that a defendant responsible for aiding and abetting another in the commission of an offense, as I explained a moment ago. The third way the government can prove a defendant guilty is based on the legal rule that the members of a conspiracy are responsible for acts committed by other members, so long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement.

(3)    This means that a conspirator may be convicted of a crime committed by another conspirator, even if he did not personally participate in that crime himself.

(4)    But for you to find a defendant guilty on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)    First, that the defendant was a member of the conspiracy charged in Count One of the indictment.

(B)    Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the particular offense charged.

(C)    Third, that this crime was committed in furtherance of the conspiracy.

(D)    And fourth, that this crime was within the reasonably foreseeable scope of the unlawful project. The crime must have been one that the defendant

24

could have reasonably anticipated as a necessary or natural consequence of the agreement.

(5)     This does not require proof that each defendant specifically agreed or knew that this particular crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.   No defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

Adapted from Committee on Pattern Criminal Jury Instructions of the District Judges Association Sixth Circuit, Pattern Criminal Jury Instructions: Sixth Circuit §3.10 (Pinkerton Liability for Substantive Offenses Committed by Others) (2005).  See United States v. Gobbi, 471 F.3d 302, 309 (1st Cir. 2006) (noting alternative bases of liability based on direct involvement, aiding and abetting, and Pinkerton liability); United States v. Hansen, 434 F.3d 92, 104 (1st Cir. 2006) (noting emphasis, in properly-given Pinkerton instruction, "that the jury was obligated to find each element of Pinkerton beyond a reasonable doubt").

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

Statements by Defendants

You have heard evidence that the defendants made statements to FBI agents and to the

United States District Court in which the government claims they admitted certain facts.  It is for

you to decide (1) whether each defendant made the statements and (2) if so, how much weight to

give it.  In making those decisions, you should consider all of the evidence about the statements,

including the circumstances under which the statement may have been made and any facts or

circumstances tending to corroborate or contradict the version of events described in the

statement.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases, §2.10 (Statements by
Defendant).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

Proof of Exact Dates Not Required

The indictment charges that a conspiracy was formed and existed until "on or about" a certain date and that various overt acts occurred "on or about" various other dates. Although it is necessary for the government to prove beyond a reasonable doubt that the conspiracy existed on dates reasonably near the dates alleged in Count One of the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged. Likewise, while the government must prove beyond a reasonable doubt that the defendants committed bank fraud on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses was committed precisely on the dates charged.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions, §13.05 ("On or About"—Explained) (5th ed. 2000).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

Punishment

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved that the defendants are guilty beyond a reasonable doubt.

Adapted from Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Criminal Cases, Instr. No. 8.05 (Punishment) (1991).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

Disagreement with Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

Neither the defendants' disagreement with the law nor their own belief that the law is unconstitutional, no matter how earnestly that belief is held, constitutes a defense of good faith. It is the duty of all citizens to obey the law regardless of whether they agree with it.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases, §3.01 (Duty of the Jury to find Facts and Follow Law); Federal Jury Practice and Instructions, §59.8 (Tax Fraud, Third Element—Willfulness); Cheek v. United States, 498 U.S. 192, 204-06 (1991); United States v. Bonneau, 970 F.2d 929, 931-32 (1st Cir. 1992); United States v. Schiff, 801 F.2d 108, 111 n.1 (2d Cir. 1986); United States v. Miller, 634 F.2d 1134, 1135 (8th Cir. 1980).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 22

Statement of One Defendant in a Multi-Defendant Trial

There has been evidence that Defendant Edouard/Celestin may have given a statement to the authorities.

You may consider any such statement of Defendant Edouard/Celestin, however, only in deciding the charges against him and not in deciding the charges against any other defendant. You may consider the statement of Defendant Edouard/Celestin in the charges against Defendant Edouard/Celestin and give it such weight, if any, as you feel it deserves. You may not consider or even discuss that statement in any way when you are deciding if the government has proven its case against any other defendant.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  Federal Jury Practice and Instructions, §11:11 (Statement of One Defendant in a Multi-Defendant Trial) (5th ed. 2000 & Supp. 2008).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

Give Each Defendant Separate Consideration

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have his case determined from evidence as to his own acts, statements, and conduct and any other evidence in the case which may be applicable to him.  The only exception is for the conspiracy count, and there you may consider acts, statements, conduct, and any other evidence of another defendant only to the extent that I have instructed that you may do so in other instructions.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding any other defendant.


Adapted from Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  Federal Jury Practice and Instructions, §12:14 (Give Each Defendant Separate Consideration) (5th ed. 2000 & Supp. 2008).